IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>TRIBUNE COMPANY, et al.,<br><br>　　　　Debtors. | ) <br>) Chapter 11 (Jointly Administered)<br>) <br>) Br. No. 08-13141 (KJC)<br>) <br>) |
| JO ANNA CAZONERI MCCORMICK,<br><br>　　　　Appellant. | ) <br>) <br>) Civ. No. 14-1000-GMS |

**MEMORANDUM ORDER**

At Wilmington this 9th day of May, 2018, having considered the appellant's request to open, reopen and reverse, construed as a motion for reconsideration (D.I. 6), and motion for leave to proceed *in forma pauperis* (D.I. 7);

IT IS ORDERED that the motions (D.I. 6, 7) are **denied**, for the reasons that follow:

1. On July 31, 2014, the appellant Jo Anna Cazoneri McCormick ("McCormick") filed notice of appeal in Bankruptcy Case No. 08-13141, along with a motion to proceed *in forma pauperis*. (*See* D.I. 1, 2.) On August 7, 2014, McCormick was ordered to pay the filing fee or to submit a long form *in forma pauperis* application within twenty-one days or the case would be dismissed without prejudice. (D.I. 4.) McCormick did not comply with the order and the case was closed on December 10, 2014. Notice that the case had been closed was mailed to McCormick at the address she provided the court. The mailing was returned as "return to sender insufficient address unable to forward." (D.I. 5.) Now, more than three years later, McCormick seeks to reopen the case. The filing is construed as a motion for reconsideration.

1

2. The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). "A proper Rule 59(e) motion . . . must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (citing *N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995).

3. McCormick has failed to demonstrate any of the aforementioned grounds to warrant a reconsideration of the December 10, 2014 dismissal of the appeal. Notably, McCormick did not keep the court apprised of her current address and, thus, failed to prosecute her appeal. Moreover, the motion for reconsideration is untimely having been filed more than three years after the appeal was closed. *See* Fed. R. Civ. P. 59(e) (a motion to alter or amend a judgment must be filed no later than 28 days after entry of the judgment).

4. For the above reasons, the court denies McCormick's motion for reconsideration (D.I. 6) and motion for leave to proceed *in forma pauperis* (D.I. 7).

UNITED STATES DISTRICT JUDGE